UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HOME FEDERAL SAVINGS BANK,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs.* | ) | 1:10-cv-0999-JMS-TAB |
| TICOR TITLE INSURANCE COMPANY,<br>    *Defendant*. | )<br>)<br>)<br>) | |

# **ORDER**

Presently before the Court in this insurance-coverage action is Defendant Ticor Title Insurance Company's ("Ticor") motion to bifurcate. [Dkt. 20.] Ticor asks that the Court bifurcate discovery and trial of Plaintiff Home Federal Savings Banks's ("HFSB") defense and indemnity claims from HFSB's bad-faith claim. [*See id.*]

The Court may bifurcate issues for trial if doing so "1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh Amendment." *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) (in part citing Fed. R. Civ. Pro. 42(b)). Bifurcating trial on an issue may call for also bifurcating discovery on that issue, *see, e.g.*, *Durbin v. State Farm Mut. Auto Ins. Co.*, 2001 WL 1793734, *1 (W.D.K.Y. 2001), although not necessarily so, *cf. Montgomery v. Am. Family Ins. Co.*, 2010 U.S. Dist. LEXIS 46995, *8 (N.D. Ind. 2010) (denying without prejudice a motion to bifurcate, to be considered only closer to trial, and consequently denying motion to stay discovery).

The Court finds no basis to bifurcate the bad-faith claim. First, bifurcation won't promote judicial economy. In the typical action, "coverage and bad faith issues are…inextricably intertwined such that bifurcation of discovery of these issues would serve little or no purpose and

would not advance judicial or other economies." *Trinity Homes, LLC v. Regent Ins. Co.*, 2006 WL 753125, *3 (S.D. Ind. 2006). Ticor has failed to demonstrate otherwise here. Indeed, it offers no reply to HFSB's stated intention to use the same witnesses "to demonstrate why the policy exclusions relied on by Ticor are inapplicable (i.e., Ticor's breach of contract), and through the same testimony provide evidence to the Court that Ticor's decision to deny coverage via the exclusions was unfounded and a resultant exercise of bad faith (i.e., Ticor's bad faith)." [Dkt. 21 at 5.] This Court has previously found that such a possibility militates against a finding that bifurcation promotes judicial economy. *See Williamson v. Progressive Northern Ins. Co.,* 2007 WL 2176561, *1 (S.D. Ind. 2007) (referencing example in response brief).

Second, bifurcation isn't needed to avoid prejudice to Ticor. The only feared prejudice that Ticor identifies is a fear that the evidence about bad faith might unfairly color the evidence about the coverage issues. While that potential prejudice often cannot merit bifurcation even in jury trials given the strong judicial economy realized in trying both coverage and bad faith together, *see, e.g., McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 871 (7th Cir. 1994), it certainly doesn't merit bifurcation here. This action will be tried to the Court, which can and will objectively evaluate the evidence that both sides offer. *See Greycas, Inc. v. Proud*, 826 F.2d 1560, 1568 (7th Cir. 1987) ("A district judge can be trusted in general…to give evidence its proper weight….").

Because Ticor hasn't established that bifurcation either promotes judicial economy or else is necessary to prevent it from suffering prejudice at trial, Ticor has failed to establish the first factor of the three-factor test for bifurcation. *See Krocka*, 203 F.3d at 516. Thus the Court need not and will not consider the other two factors.

Given the denial of the bifurcation of the trial, there is no need to bifurcate discovery of the bad-faith claim, *Montgomery*, 2010 U.S. Dist. LEXIS 46995 at *8, especially in the absence of any claim that the discovery would be particularly costly or otherwise unfair to Ticor. In any event, the close factual overlap of the coverage and bad-claims suggests that trying to parse out the discovery that relates to each would be impractical.

Ticor's motion to bifurcate, [dkt. 20], is **DENIED**.

12/09/2010

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


**Distribution via ECF only:**

Raymond A. Basile
MERCER BELANGER, P.C.
rbasile@indylegal.com

Michael D. Chambers
TAFT STETTINIUS & HOLLISTER LLP
mchambers@taftlaw.com

Tammy Lynn Ortman
MERCER BELANGER, P.C.
tortman@indylegal.com

Richard Charles Richmond III
TAFT STETTINIUS & HOLLISTER LLP
rrichmond@taftlaw.com